## THE FARMERS AND MERCHANTS' INSURANCE COMPANY

*v.*

## ROBERT BUCKLES, JR.

1. JURISDICTION—*circuit courts—jurisdiction of presumed—until rebutted.* The circuit courts are courts of general jurisdiction, and the presumption is in favor of their jurisdiction to hear and adjudicate all cases, until such presumption is rebutted.

2. SAME—*the proper mode of questioning jurisdiction of the person of defendant is by plea in abatement.* Where a defendant sued in a foreign county, entered a motion to dismiss the suit for want of jurisdiction, which was allowed, upon its being shown that the summons was served on the defendant in a foreign county, and the admission by the plaintiff that defendant was a resident of such foreign county at the time of the commencement of the suit: *Held,* that this action of the court was erroneous; that before the defendant could be entitled to such judgment, he should have shown, under a plea in abatement, either that the plaintiff did not reside in the county where the suit was brought, or that the contract was not actually made in that county.

3. SAME—*by motion—practice irregular.* In such cases, the practice would not be regular, even if it could be done, to raise this question on mere motion; but where either of these facts has been shown under a plea in abatement, the presumption of jurisdiction is rebutted.

APPEAL from the Circuit Court of Adams county ; the Hon.
JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Messrs. SKINNER & MARSH, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of assumpsit, brought by appellant, in
the Adams Circuit Court, against appellee. The declaration
only contained the common counts. A summons was issued
to the sheriff of Logan county, and served upon appellee in
that county. At the return term appellee entered a motion to
dismiss the suit for want of jurisdiction. On the hearing of
the motion the return of the sheriff was read to prove that
the summons was served in Logan county, and appellant
admitted that appellee resided in that county at the commence-
ment of the suit, and on this evidence the court below quashed
the summons, dismissed the suit, and rendered judgment
against plaintiff for the costs. The company have brought
the record to this court, and assign the decision of the court in
quashing the summons and dismissing the suit, for error.

The circuit courts having general jurisdiction, the law pre-
sumes jurisdiction to hear and adjudicate all causes until the
presumption is rebutted. The act of 1861, (Sess. Laws, p.
180,) declares that it shall not be lawful for a plaintiff to sue
a defendant out of the county in which the latter resides or
may be found, except in personal actions, where there are more
than one defendant, when the plaintiff may sue in the county
in which either of them resides, and may have writs to any
county for the other defendants. Had this been all of the
legislation on the subject, it is manifest that the decision of
the court below would have been correct. But the third sec-
tion of the same act declares that the provisions of the act

shall not apply to any case where the plaintiff is a resident of, and the contract upon which suit is brought shall have been actually made in, the county in which it is brought.

Inasmuch as the presumption is in favor of the jurisdiction of the court, the defendant should have shown, by plea in abatement, either that the plaintiff did not reside in Adams county, or that the contract was not actually made in that county. Had either of these questions been presented by plea in abatement, and sustained by the evidence, then the defendant would have been entitled to the judgment which was rendered. Had either been shown under a plea in abatement, then the presumption of jurisdiction would have been rebutted. This is the uniform construction given to the original as well as the amendatory act of 1861. Even if the question could be raised on a mere motion, which would not be regular practice, the evidence in this case does not show that the plaintiff did not reside in Adams county, or that the contract was not actually made in that county, and hence there was no ground for rendering the judgment.

Inasmuch as the judgment of the court below is erroneous, it must be reversed and the cause remanded.

*Judgment reversed.*